Powers v Solomon (2004 NY Slip Op 50751(U))

[*1]

Powers v Solomon

2004 NY Slip Op 50751(U)

Decided on July 13, 2004

Supreme Court, Greene County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 13, 2004

Supreme Court, Greene County
MARGARET M. POWERS, Individually and as Administratrix of the Estate of THOMAS JAMES POWERS, Plaintiff,
against
ABRAHAM I. SOLOMON, MD, COLUMBIA MEMORIAL HOSPITAL, EMERGENCY TREATMENT ASSOCIATES, JOHN G. KEENE, MD, and ROBERT W. STRAUSS, MD, PC, n/k/a POUGHKEEPSIE EMERGENCY SERVICES, PC, EMERGENCY TREATMENT ASSOCIATES, INC., n/k/a STERLING EMERGENCY TREATMENT ASSOCIATES, INC., and COLUMBIA EMERGENCY SERVICES, PC, Defendants.
01-0222

O'Connor, O'Connor, Bresee & First, P.C., Attorneys for Columbia Memorial Hospital, 20 Corporate Woods Boulevard, Albany, NY 12211 Justin O'C. Corcoran, Esq. (Of counsel). Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Attorneys for Abraham I. Solomon, M.D., 20 Corporate Woods Blvd., Albany, NY 12211 Gerald S. Good, Esq. (Of counsel). Napierski, Vandenburgh & Napierski, LLP, Attorneys for Columbia Emergency Services, P.C., 296 Washington Avenue Extension, Albany, NY 12203 Thomas J. O'Connor, Esq. (Of counsel). Powers & Santola, LLP, Attorneys for Plaintiff, 39 N. Pearl Street, Albany, NY 12207 John H. Fisher, Esq. (Of counsel).

Thomas J. Spargo, J.
Defendants move pursuant to CPLR 3212 for summary judgment dismissing various causes of action. The motions are denied as untimely pursuant to CPLR § 3212(a).
Plaintiff filed a note of issue on August 5, 2003 and a pre-trial conference was held on September 26, 2003. A trial date was set for August 2, 2004 and defendants were directed to make summary judgment motions, if any, by December 31, 2003. The court extended that deadline to February 16, 2004 by an order dated January 26, 2004. On February 5, 2004, the court again extended the time to make dispositive motions, this time to March 1, 2004.
[*2]
The first of the present motions was made on April 14, 2004 and the other motions followed. By agreement of the parties, without court approval, all of the motions were made returnable on June 24, 2004, thirty-nine (39) days prior to trial. The court has searched its file and found no further order permitting the late service and filing of these motions.
CPLR § 3212(a) provides as follows:

"Time; kind of action. Any party may move for summary judgment in any action, after issue has been joined; provided however, that the court may set a date after which no such motion may be made, such date being no earlier than thirty days after the filing of the note of issue. If no such date is set by the court, such motion shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown."
The present motions were made six weeks after the final date set by the court and over eight months after the note of issue was filed. This court's discretion is constrained by the recent ruling of the Court of Appeals in Brill v City of New York (2004 NY Slip Op 04787) in which the court ruled that, in considering a late summary judgment motion, "no excuse at all, or a perfunctory excuse, cannot be 'good cause.'"
As in Brill, the defendants in this action have provided no excuse for their delay and, in view of the Brill opinion's admonition regarding "the goals of orderliness and efficiency in State court practice," this court lacks discretion to consider the late motions, whether meritorious or not.
All papers, including this decision and order, are being returned to plaintiff's counsel. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relating to filing, entry and notice of entry.
This memorandum shall constitute both the decision and the order of the court.
IT IS SO ORDERED.
DATED: CATSKILL, NEW YORK
 JULY 13, 2004
 THOMAS J. SPARGO, JSC